**<u>EXHIBIT A</u>**

*2-23-17 UH*
*3CH 11583*
*2-24-17 JH*

*March 24-2017*
*Answer Date*

1

## 🔲 Davis Miles

2

### McGuire Gardner

3  40 E. Rio Salado Parkway, Suite 425
Tempe, AZ 85281

4  Telephone: (480) 733-6800
Fax: (480) 733-3748

5  efile.dockets@davismiles.com

6  David W. Williams, State Bar No. 22764
*Attorneys for Plaintiff*

7  **STATE OF ARIZONA**

8  **MARICOPA COUNTY SUPERIOR COURT**

9  PHILLIP E. KOERPER,                          **CASE NO.**

10                  Plaintiff,

11  vs.                                          **SUMMONS** CV 2017-000127

12  WESTLEY POLLARD, JR. and JANE DOE

13  POLLARD, husband and wife; TEXAS
BOULLION EXCHANGE, INC., a Texas

14  corporation; John Does I-X and Jane Does I-    If you would like legal advice from a lawyer,

15  X, ABC Corporations I-X; and Black and        contact the Lawyer Referral Service at
White Partnerships and/or Sole                 602-257-4434

16  Proprietorships I-X,                                          or
                                               www.maricopalawyers.org

17                                              Sponsored by the

18                  Defendants.                 Maricopa County Bar Association

19      THE STATE OF ARIZONA TO THE ABOVE NAMED DEFENDANTS:

20      **WESTLEY POLLARD, JR. and JANE DOE POLLARD**

21            **TEXAS BOULLION EXCHANGE, INC.**
               **John Does I-X and Jane Does I-X**

22                   **ABC Corporations I-X**

23  **and Black and White Partnerships and/or Sole Proprietorships I-X**

24          YOU ARE HEREBY SUMMONED and required to appear and defend, within the

25  time applicable, in this action in this Court.  If served within Arizona, you shall appear and

26  defend within twenty (20) days after the service of the Summons and Complaint upon you,
exclusive of the day of service.  If served out of the State of Arizona  whether by direct

27  service, by registered or certified mail, or by publication  you shall appear and defend

28  within thirty (30) days after the service of the Summons and Complaint upon you is

complete, exclusive of the day of service.   Where process is served upon the Arizona Director of Insurance as an insurer's attorney to receive service of legal process against it in this state, the insurer shall not be required to appear, answer or plead until expiration of forty (40) days after date of such service upon the Director.   Service by registered or certified mail without the State of Arizona is complete thirty (30) days after the date of filing the receipt and affidavit of service with the Court.   Service by publication is complete thirty (30) days after the date of first publication.   Direct service is complete when made. Service upon the Arizona Motor Vehicle Superintendent is complete thirty (30) days after filing the Affidavit of Compliance and return receipt or Officer's Return.   RCP 4; A.R.S. §§ 20-222, 28-502, 28-503.

YOU ARE HEREBY NOTIFIED that in case of your failure to appear and defend within the time applicable, judgment by default may be rendered against you for the relief demanded in the Complaint.

YOU ARE CAUTIONED that in order to appear and defend, you must file an Answer or proper response in writing with the Clerk of this Court, accompanied by the necessary filing fee, within the time required, and you are required to serve a copy of any Answer or response upon the Plaintiff's attorney.   RCP 10(d); A.R.S. § 12-311; RCP 5.

REQUESTS for reasonable accommodation for persons with disabilities must be made to the division assigned to the case by parties at least three (3) judicial days in advance of a scheduled court proceeding.

REQUESTS for an interpreter for persons with limited English proficiency must be made to the office of the judge or commissioner assigned to the case, at least (10) judicial days before your scheduled court date.

The name and address of Plaintiff's attorneys are:

**DAVIS MILES MCGUIRE GARDNER, PLLC**
**David W. Williams**
40 E. Rio Salado Parkway, Suite 425
Tempe, AZ 85281
Tel. (480) 733-6800

SIGNED AND SEALED this date: _____

COPY

JAN 3 0 2017

By: _____

MICHAEL K. JEANES, CLERK
K. VALENZUELA
DEPUTY CLERK





**COPY**

1

2

3 40 E. Rio Salado Parkway, Suite 425

Tempe, AZ 85281

4 Telephone: (480) 733-6800

Fax: (480) 733-3748

5 efile.dockets@davismiles.com

6 David W. Williams, State Bar No. 22764

*Attorneys for Plaintiff*

7

JAN **3 0** 2017

MICHAEL K. JEANES, CLERK

A. VALENZUELA

DEPUTY CLERK

8                           **STATE OF ARIZONA**

9              **MARICOPA COUNTY SUPERIOR COURT**

10  PHILLIP E. KOERPER,                    **CASE NO.** CV 2017-000127

11                Plaintiff,                **VERIFIED COMPLAINT**

12  vs.                                     **(JURY TRIAL DEMANDED)**

13

14  WESTLEY POLLARD, JR. and JANE
    DOE POLLARD, husband and wife;
15  TEXAS BOULLION EXCHANGE, INC., a
    Texas corporation; John Does I-X and Jane
16  Does I-X, ABC Corporations I-X; and
    Black and White Partnerships and/or Sole
17  Proprietorships I-X,

18

19                Defendants.

20

21      Plaintiff Phillip E. Koerper ("Plaintiff" or "Mr. Koerper"), through his undersigned

22  counsel, hereby submits the following as his Complaint against Defendants:

23                  **PARTIES, JURISDICTION AND VENUE**

24      1.    Plaintiff Phillip E. Koerper is a resident of Maricopa County, Arizona.

25      2.    Defendants Westley Pollard, Jr. and Jane Doe Pollard are husband and wife,

26  and residents of Jefferson County, Texas.  All actions set forth herein were done on behalf

27  of and for the benefit of the Defendants' marital community.

28                                          1

3.     Defendant Texas Bullion Exchange, Inc. is a Texas corporation that has directed its activities to the State of Arizona

4.     At all times material, Defendants John Does I-X and Jane Does I-X were either residents of the State of Arizona or have caused an event to occur in the State of Arizona out of which this Complaint arose.

5.     At all times material, Defendants ABC Corporations I-X was either residents of the State of Arizona or has caused an event to occur in the State of Arizona out of which this Complaint arose.

6.     At all times material, Defendants Black and White Partnerships and/or Sole Proprietorships I-X were either residents of the State of Arizona or have caused an event to occur in the State of Arizona out of which this Complaint arose.

7.     The true names and capacities of, whether individual, corporate, associate or otherwise of Defendants Does 1-X, ABC Corporations 1-X and Black and White Partnerships and/or Sole Proprietorships I-X, inclusive, are unknown to Plaintiff who sues unknown defendants by such fictitious names.  Plaintiff will amend this Complaint to allege the true names and capacities of said defendants when the same have been ascertained. Plaintiff is informed and believes, and thereon alleges, that each of the defendants designated as Does 1-X, ABC Corporations 1-X and Black and White Partnerships and/or Sole Proprietorships I-X are legally responsible in some manner for the events and happenings referred to in this Complaint, and are proximately responsible for the injuries and damages suffered by Plaintiff as alleged in this Complaint.

8.     Defendant Pollard and Defendant Texas Bullion Exchange,  Inc. repeatedly directed their commercial activities to the State of Arizona through direct communication with and solicitation of Plaintiff to do business with the Defendants as set forth in more detail below.

2

9.     At all times material, the Defendants caused events to occur within Maricopa County, State of Arizona out of which this complaint arises, and therefore jurisdiction and venue in this court are proper.

## ALLEGATIONS COMMON TO ALL COUNTS

12.     In early July 2016, Mr. Koerper became affiliated with Defendant Texas Bullion Exchange when he was solicited through a telemarketing call from Texas Bullion's sales representatives.

13.     During the initial sales call from Texas Bullion's representatives, Mr. Koerper was told about the advantages of investing in precious metals and gold coins and nurismatic coins, and the potential lucrative nature of investment in rare coins by Texas Bullion's representatives.

14.     Nursimatic coins are types of coins that a collector will pay a premium for due to the rarity of the coin and its gold or metal value.

15.     In early July 2016, Mr. Koerper was again solicited by representatives at Texas Bullion about the possibility of investing in rare coins. Mr. Koerper intended to use funds from his retirement accounts to purchase the nurismatic coins from Texas Bullion.

16.     During the first call from Texas Bullion, Mr. Koerper was initially introduced to Cash McCarson, a sales person for Texas Bullion, about purchasing an initial set of golden eagle coins.

17.     After initial discussions with Mr. McCarson, Mr. Koerper was then contacted by Westley Pollard. Mr. Pollard made numerous representations about investing and in purchasing nurismatic coins held in stock by Texas Bullion. He indicated that Mr. Koerper would receive a significant return on his investment of purchasing gold and rare coins through Texas Bullion Exchange, and allowing Mr. Pollard to act as a broker for the sale of those coins to other potential investors.

18.   On July 8, 2016, Mr. Koerper wired $26,500.00 to Texas Bullion Exchange for the purchase of twenty $25.00 gold Liberty pieces.

19.   On July 4, 2016, Mr. Koerper wired an additional $31,600.00 for the purchase of a twenty-eight piece Indian gold set of $10.00 coins.  Over the course of several months, Mr. Koerper came to be in regular contact with Mr. Pollard at Texas Bullion.

20.   Over a period of time, Mr. Koerper paid a total of $255,000 for a nurismatic set of coins known as the "Super Proof $50 Gold Liberty" coin set minted between 1986 and 2016.

21.   Mr. Pollard would routinely contact Mr. Koerper about additional rare coin sets that would become available for Mr. Koerper to purchase.

22.   Some of the coins purchased from Texas Bullion were sent directly to Mr. Koerper, but Mr. Pollard instructed Mr. Koerper to return the coin sets to Mr. Pollard for safe keeping at Texas Bullion.

23.   Over the course of several conversations, it was represented by Mr. Pollard that the coin sets purchased by Mr. Koerper and returned to Mr. Pollard would be kept in the possession of Texas Bullion in a secure facility that only a limited number of people have access to.

24.   In his conversations with Mr. Koerper, Mr. Pollard repeatedly represented that the coins purchased by Mr. Koerper were in the possession of Texas Bullion and were safe from theft and other risk of loss.

25.   After initially receiving the coin sets and pursuant to Mr. Pollard's instructions, Mr. Koerper returned the coin sets to Texas Bullion to be kept at their secure facility in Beaumont, Texas.

26.   Between July 6, 2016 and October 31, 2016, Mr. Koerper wired or transferred over $400,000.00 for the purchase of various rare coins that were in the custody of Texas

1   Bullion, including the $255,000 used for the purchase of the "Super Proof $50 Gold

2   Liberty" coin set.

3         27.    Between July and November 2016, Mr. Pollard was repeatedly in contact with

4   Mr. Koerper about the possible sale of the coins purchased by Mr. Koerper.

5         28.    In these discussions, Mr. Pollard indicated that he had permission to remove

6   the rare coin sets from the custody of Texas Bullion, and Mr. Pollard would arrange for

7   third-party buyers to purchase the sets.  Mr. Pollard repeatedly represented that he had

8   authority on behalf of Texas Bullion to remove the rare coin set from Texas Bullion's

9   possession and to travel with the sets or to transfer them to third parties.

10        29.    Mr. Pollard supposedly made various sales of coins to various third parties.

11  When Mr. Koerper made repeated requests to Mr. Pollard for an accounting of the funds

12  from the sale of the coins or the status of the coins, Mr. Pollard simply ignored

13  Mr. Koerper's requests.

14

15        30.    Mr. Koerper eventually received a call from the President of Texas Bullion,

16  and he was informed that Mr. Pollard had been terminated from Texas Bullion.

17        31.    Mr. Koerper subsequently made reports of a theft and loss of the coins to

18  various law enforcement agencies, including the Federal Bureau of Investigation.

19        32.    Mr. Koerper subsequently learned that FBI personnel have been in touch with

20  Mr. Pollard and he has admitted to the theft of the majority of Mr. Koerper's rare coins that

21  were purchased and supposed to be in the custody of Texas Bullion.

22  <b><u>COUNT ONE</u></b><br><b>(Common Law Fraud as to all Defendants)</b>

23        33.    Plaintiff alleges and fully incorporates herein by reference all prior allegations

24  set forth in the preceding paragraphs of the Complaint.

25        34.    As set forth in the preceding paragraphs, Defendants falsely represented that if

26  Plaintiff invested monies with Texas Bullion, he would have a significant return on his

27

28                                      5

1   investment and that rare coins purchased through Texas Bullion would be safe and secure

2   from theft or loss.

3        35.    Defendants knew that their representations set forth above were false, and that

4   such information would be material to Plaintiff in agreeing to send the coins to Defendants.

5        36.    Defendants intended Plaintiff to rely upon such representations in deciding to

6   send the coins to Defendant.

7        37.    Plaintiff did not know the representations made by Defendants were false.

8        38.    Plaintiff justifiably and reasonably relied upon the misrepresentations in

9   deciding to send the coins to Defendants.

10       39.    In making the representations, Defendants knew that the false information and

11  representations and conduct would or were likely to cause significant damage to Plaintiff.

12       40.    As a result of Defendants' false representations, Plaintiff suffered damages in

13  an amount to be proven at trial.

14       41.    Defendants' actions as described above demonstrate that such actions were

15  intentional, wanton, and reckless and showed ill will and demonstrated a reckless

16  indifference and disregard for the rights of and owed to Plaintiff and that such actions were

17  outrageous and malicious so as to entitle Plaintiff to an award of punitive damages against

18  Defendants.

19                              **COUNT TWO**
20                **(Negligent Misrepresentation as to All Defendants)**

21       42.    Plaintiff alleges and fully incorporates herein by reference all prior allegations

22  set forth in the preceding paragraphs of the Complaint.

23       43.    As set forth in the preceding paragraphs, Defendants falsely represented that if

24  Plaintiff invested monies with Texas Bullion, he would have a significant return on his

25  investment and that rare coins purchased through Texas Bullion would be safe and secure

26  from theft or loss.

27

28                                        6

44.     Defendants knew that his representations set forth above were false, and that such information would be material to Plaintiff in agreeing to send the coins to Defendant.

45.     Defendants intended Plaintiff to rely upon such representations in deciding to send Defendant the coins.

46.     Defendants were negligent in making the representations and providing the false information to Plaintiff.

47.     Under the circumstances, Plaintiff was justified in relying upon the Defendants' representations.

48.     As a proximate result of Defendants' representations, Plaintiff suffered damages in an amount to be proven at trial.

49.     Defendants' actions as described above demonstrate that such actions were intentional, wanton, and reckless and showed ill will and demonstrated a reckless indifference and disregard for the rights of and owed to Plaintiff and that such actions were outrageous and malicious so as to entitle Plaintiff to an award of punitive damages against Defendants.

## COUNT THREE
### (Consumer Fraud as to All Defendants)

50.     Plaintiff realleges and fully incorporates herein by reference all prior allegations set forth in the preceding paragraphs of the Complaint.

51.     As set forth in Ariz. Rev. Stat. § 44-1522, Defendants engaged in unlawful practices, including, but not limited to deception, deceptive practices fraud, false pretenses, misrepresentation, false pretenses, concealment and omission of a material fact in connection with the sale of the rare coins to Plaintiff.

52.     Defendants falsely represented that if Plaintiff invested monies with Texas Bullion, he would have a significant return on his investment and that rare coins purchased through Texas Bullion would be safe and secure from theft or loss.

7

53.     Defendants intended potential purchasers, such as Plaintiff, to rely upon such false representations and omissions of material fact in choosing to go forward with the purchase of the watches.

54.     As a direct and proximate result of Defendants' wrongful actions, Plaintiff suffered damages in an amount to be proven at trial.

55.     Defendants' actions as described above demonstrate that such actions were intentional, wanton and reckless and showed ill will and demonstrated a reckless indifference disregard for the rights of and owed to Plaintiff and such actions were outrageous and malicious so as to entitle Plaintiff to an award of punitive damages against Defendants.

56.     Plaintiff is entitled to an award of attorneys fees pursuant to Ariz. Rev. Stat. § 44-1534.

## COUNT FOUR
### (Securities Fraud Pursuant to the Arizona Securities Act as to All Defendants)

57.     Plaintiff alleges and fully incorporates herein by reference all prior allegations set forth in the preceding paragraphs of the Complaint.

58.     Defendants enticed Plaintiff to purchase rare gold and precious metal coins. Defendants' sale of the coins constitutes a security under Ariz. Rev. Stat. § 44-1801(26).

59.     As set forth in the preceding paragraphs, pursuant to Ariz. Rev. Stat. § 44-1991(2), Defendants made an untrue statement of a material fact in connection with the sale of the coin sets. Such material, untrue statements include, but are not limited to, if Plaintiff invested monies with Texas Bullion, he would have a significant return on his investment and that rare coins purchased through Texas Bullion would be safe and secure from theft or loss.

60.     Defendants knew that his representations were untrue and were material to the Plaintiff in deciding to purchase the coins.

8

1       61.     Plaintiff did not know the representations made by Defendant were false.

2       62.     Pursuant to Ariz. Rev. Stat. § 44-1991(1), Defendants' actions set forth above
3 and in the preceding paragraphs also constitute the use of a device, scheme or artifice to
4 defraud the Plaintiff and other investors.

5       63.     Pursuant to Ariz. Rev. Stat. § 44-2003, Plaintiff is entitled recover the monies
6 paid to Defendants for the investment in coin sets, interest at the available legal rate from
7 the date of the purchase of the coin sets, costs and their reasonable attorneys' fees.

8                             **COUNT FIVE**
9               **(Breach of Fiduciary Duty as all Defendants)**

10      64.     Plaintiff alleges and fully incorporates herein by reference all prior allegations
11 set forth in the preceding paragraphs of the Complaint.

12      65.     Defendants Texas Bullion and its operations manager, Defendant Pollard were
13 in a position of trust and control over significant monies paid to them by Plaintiff and in
14 possession of rare coin sets that he purchased from Texas Bullion, and as a result owed a
15 fiduciary duty of loyalty to Plaintiff and to avoid self-interested transactions.

16      66.     As set forth in the proceeding paragraphs, Defendants breached their fiduciary
17 duties by engaging in self-dealing to the detriment of Plaintiff, including, but not limited to
18 the theft of Plaintiff's coin sets.

19      67.     As a result of Defendants' breach of his fiduciary duty to Plaintiff, Plaintiff
20 has proximately sustained damages in an amount to be determined at trial.

21      68.     Defendants' actions as described above demonstrate that such actions were
22 intentional, wanton, and reckless and showed ill will and demonstrated a reckless
23 indifference and disregard for the rights of and owed to Plaintiff and that such actions were
24 outrageous and malicious so as to entitle Plaintiff to an award of punitive damages against
25 Defendants.

26

27

28                                    9

**COUNT SIX**
**(Conversion as to All Defendants)**

69.     Plaintiff alleges and fully incorporates herein by reference all prior allegations set forth in the preceding paragraphs of the Complaint.

70.     Defendants converted property belonging to Plaintiff without legal justification or privilege, including Plaintiff's confidential and proprietary information and other business property, with the intent to benefit himself.

71.     As a result of their conduct, Plaintiff has suffered and will continue to suffer substantial and irreparable harm, including lost profits and possession of the unique coin sets purchased through Texas Bullion.

72.     Defendants' actions as described above, demonstrate that such actions were intentional, wanton and reckless and showed ill will and demonstrated a reckless indifference disregard for the rights of and owed to Plaintiff and that such actions were outrageous and malicious so as to entitle Plaintiff to an award of punitive damages against Defendants.

**COUNT  SEVEN**
**(Civil Racketeering pursuant to Ariz. Rev. Stat. § 13-2314.04 as to Defendant Pollard)**

73.     Plaintiff alleges and fully incorporates herein by reference all prior allegations set forth in the preceding paragraphs of the Complaint.

74.     As set forth in the preceding paragraphs, Defendant Pollard has engaged in a pattern of racketeering activity that has resulted in reasonably foreseeable injuries to Plaintiff by enticing Plaintiff to purchase the rare coin sets through numerous wire transfers and then converting the coin sets for Defendant Pollard's personal use.

75.     The aforementioned Defendant's pattern of racketeering activities include, but are not limited to theft, using an scheme to defraud Plaintiff, and breach of various fiduciary duties.

10

76.     As a result of Defendant's conduct as set forth above, Plaintiff is entitled to treble damages, his attorneys' fees, and costs pursuant to Ariz. Rev. Stat. § 13-2314.04.

77.     Concurrent with the filing of this Complaint, Plaintiff has also provided the requisite notice to the Arizona Attorney General.

78.     Defendant's actions as described above demonstrate that such actions were intentional, wanton, and reckless and showed ill will and demonstrated a reckless indifference and disregard for the rights of and owed to Plaintiff and that such actions were outrageous and malicious so as to entitle Plaintiff to an award of punitive damages against Defendant.

## COUNT EIGHT
### (Negligent Hiring/Supervision as to Texas Bullion Exchange, LLC)

79.     Plaintiff alleges and fully incorporates herein by reference all prior allegations set forth in the preceding paragraphs of the Complaint.

80.     As set forth in the preceding paragraphs, Defendant Texas Bullion Exchange hired Mr. Pollard as a sales person and operations manager and placed him in a position of trust and confident in dealing with prospective investors, including Plaintiff.

81.     Defendant Texas Bullion Exchange had a duty of reasonable care to Plaintiff, through its hiring process, to properly investigate Mr. Pollard's background and to provide him with sufficient training and supervision in his job responsibilities in dealing with prospective customers and investors, such as Plaintiff.

82.     Defendant Texas Bullion Exchange breached its duty of due care to Plaintiff by failing to properly hire, train and supervise Mr. Pollard, and allowing him to convert Plaintiff's rare coins and convert hundreds of thousands of dollars paid to Texas Bullion for the rare coin sets.

83.     As a result of Texas Bullion Exchange's negligence, Plaintiff was damaged in an amount to be proven at trial.

11

84.     Pursuant to Rule 38, Ariz. R. Civ. P., Plaintiff requests a trial by jury on all counts set forth herein.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against the Defendants as follows:

A.     For an award of compensatory, general and special damages, and other damages in an amount to be determined at trial;

B.     For an award of punitive damages and treble damages in an amount to be determined at trial;

C.     All reasonable attorneys' fees and costs incurred in prosecuting this action pursuant to Ariz. Rev. Stat. §§ 44-1534, 44-2003 and 13-2314.04 in an amount not less than $2,500.00.

D.     For post-judgment interest on all applicable amounts, at the highest legal rate; and

E.     For such other and further relief as the Court deems just and appropriate.

Dated this _30th_ day of January 2017.

DAVIS MILES MCGUIRE GARDNER, PLLC

By
David W. Williams
40 East Rio Salado Parkway, Ste. 425
Tempe, AZ 85281
*Attorneys for Plaintiff*

12

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**VERIFICATION**

I, David W. Williams, as counsel for the Plaintiff in the above-entitled action, under penalty of perjury and pursuant to Rule 80(i), Ariz. R. Civ. P. and Ariz. Rev. Stat. § 13-2314.04, declare that this Complaint is well grounded in fact, is warranted by existing law; and its not made for any bad faith or improper purpose.

Dated: _____January 30, 2017_____ 

David W. Williams

13

MICHAEL K. JEANES, CLERK
BY
DEP
*M. Valenzuela*
FILED

17 JAN 30  PH 2:58

1

**⊞ Davis Miles**

2

McGuire Gardner

3

40 E. Rio Salado Parkway, Suite 425
Tempe, AZ  85281

4

Telephone:  (480) 733-6800
Fax: (480) 733-3748
efile.dockets@davismiles.com

5

David W. Williams, State Bar No. 22764
*Attorneys for Plaintiff*

6

7

### STATE OF ARIZONA

8

### MARICOPA COUNTY SUPERIOR COURT

9

| PHILLIP E. KOERPER, | **CASE NO.** CV 2017-000127 |
|---|---|
|  | |

10

11

|  Plaintiff, | **CERTIFICATE REGARDING COMPULSORY ARBITRATION** |

12

vs.

WESTLEY POLLARD, JR. and JANE

13

DOE POLLARD, husband and wife;

14

TEXAS BOULLION EXCHANGE, INC., a
Texas corporation; John Does I-X and Jane

15

Does I-X, ABC Corporations I-X; and

16

Black and White Partnerships and/or Sole
Proprietorships I-X,

17

18

            Defendants.

19

        The undersigned certifies that he knows the dollar limits and any other limitations set

20

forth by the local rules of practice for the applicable superior court, and further certifies that

21

this case is not subject to compulsory arbitration, as provided by Rules 72 through 76 of the

22

Arizona Rules of Civil Procedure.

23

        DATED this ___30th___ day of January 2017.

24

                    **DAVIS MILES MCGUIRE GARDNER, PLLC**

25

            By: _____

26

                    David W. Williams

27

                    40 E. Rio Salado Parkway, Suite 425
                    Tempe, AZ  85281

28

                    *Attorneys for Plaintiff*

1

Michael K Jeanes, Clerk of Court
*** Electronically Filed ***
K. Laird, Deputy
3/28/2017 3:57:00 PM
Filing ID 8206396

1

2

3  **Jaburg & Wilk, P.C.**
3200 N. Central Avenue, 20th Floor
4  Phoenix, AZ 85012
602.248.1000
5
Kraig J. Marton (003816)
6  kjm@jaburgwilk.com
Mark D. Bogard (018247)
7  mdb@jaburgwilk.com

8  Attorneys for Defendant Texas Bullion Exchange, Inc.

9

10                    **SUPERIOR COURT OF ARIZONA**

11                    **COUNTY OF MARICOPA**

12  PHILLIP E. KOERPER,

13              Plaintiff,                    | Case No. CV2017-000127

14  v.

15  WESTLEY POLLARD, JR. and JANE            | **DEFENDANT TEXAS BULLION**
    DOE POLLARD, husband and wife;           | **EXCHANGE, INC.'S ANSWER TO**
16  TEXAS BULLION EXCHANGE, INC.,            | **VERIFIED COMPLAINT**
    a Texas corporation; JOHN DOES I-X
17  and JANE DOES I-X, ABC Corporations
    I-X; and Black and White Partnerships
18  and/or Sole Proprietorships I-X,

19              Defendants.

20         Defendant Texas Bullion Exchange, Inc. ("TBE"), for its Answer to the Verified

21  Complaint of Plaintiff Phillip Koerper ("Plaintiff"), hereby admits, denies and alleges as

22  follows:

23                    **PARTIES, JURISDICTION AND VENUE**

24         1.      Answering paragraph 1, Defendant lacks knowledge and information

25  sufficient to admit or deny whether Plaintiff is currently residing in Maricopa County,

26  Arizona, and therefore denies that allegation.

JABURG|WILK
Attorneys at Law

2.      Answering paragraph 2, Defendant lacks knowledge and information sufficient to admit or deny whether Defendant Westley Pollard, Jr. ("Pollard") is married or whether he is currently residing in Jefferson County, Texas, and therefore denies that allegation.  Defendant denies the remaining allegations in paragraph 2.

3.      Answering paragraph 3, TBE admits it is a Texas corporation. Defendant denies the remaining allegations in Paragraph 3.

4.      Answering paragraph 4, TBE is without sufficient information to form a belief and therefore denies the same.

5.      Answering paragraph 5, TBE is without sufficient information to form a belief and therefore denies the same.

6.      Answering paragraph 6, TBE is without sufficient information to form a belief and therefore denies the same.

7.      Answering paragraph 7, TBE is without sufficient information to form a belief and therefore denies the same.

8.      Answering paragraph 8, TBE admits it had communications with Plaintiff, but denies any jurisdictional implications in the paragraph. In regard to the alleged communications and activities between Plaintiff and Defendant Pollard, TBE is without sufficient information to form a belief and therefore denies the same.

9.      Defendant TBE denies the allegations of paragraph 9.

10.     The Verified Complaint does not contain a paragraph number "10".

11.     The Verified Complaint does not contain a paragraph number "11".

**ALLEGATIONS COMMON TO ALL COUNTS**

12.     Answering paragraph 12, TBE admits telemarketing to Plaintiff and selling him certain valuable coins in July 2016. TBE denies any remaining allegations and mischaracterizations in paragraph 12.

2

13.    Answering paragraph 13, TBE admits that there was discussion of precious metals and numismatics and Plaintiff's interest in those products. TBE denies any remaining allegations and mischaracterizations of the call in paragraph 13.

14.    Paragraph 14 is a statement or conclusion to which no response is necessary.

15.    Answering paragraph 15, on information and belief, TBE admits making solicitation calls to Plaintiff in July 2016 and that Plaintiff first purchased coins from TBE in July 2016. Defendant denies any remaining allegations in paragraph 15.

16.    Answering paragraph 16, TBE admits that Plaintiff initially spoke with TBE sales representative Cash McCarson about purchasing certain coins.

17.    Answering paragraph 17, TBE admits that Plaintiff subsequently spoke with TBE sales representative Pollard. In regard to the alleged communications between Plaintiff and Pollard in that call, TBE is without sufficient information to form a belief and therefore denies the same.

18.    TBE admits paragraph 18.

19.    Answering paragraph 19, on information and belief, TBE admits receiving additional funds from Plaintiff in July 2016 for the purchase of additional coins. Further answering paragraph 19, TBE admits Plaintiff and Pollard communicated after July 2016, but TBE is without sufficient information to form a belief as to the extent, content, and initiation of those communications and therefore denies same.

20.    On information and belief, and subject to TBE's further verification of its sales records, TBE admits paragraph 20.

21.    Answering paragraph 21, on information and belief, TBE admits Plaintiff and Pollard communicated after July 2016, but TBE is without sufficient information to form a belief as to the extent, content, and initiation of those communications and therefore denies same.

3

22.     Answering paragraph 22, TBE is without sufficient information to form a belief and therefore denies the same.

23.     Answering paragraph 23, TBE is without sufficient information to form a belief and therefore denies the same. To the extent that the paragraph implies otherwise, TBE denies that Plaintiff's coins were ever returned to TBE and further alleges that Plaintiff admitted to TBE that he sent his coins to Pollard at a separate delivery address that Pollard provided that was outside of TBE's knowledge or control.

24.     Answering paragraph 24, TBE is without sufficient information to form a belief and therefore denies the same. To the extent the paragraph implies otherwise, TBE alleges, on information and belief, that Plaintiff and Pollard communicated via Pollard's mobile phone outside of TBE's knowledge or control.

25.     Answering paragraph 25, TBE admits Plaintiff received the coins he purchased from TBE, but on information and belief denies the remaining allegations in paragraph 25.

26.     Answering paragraph 26, TBE admits that Plaintiff purchased over $400,000.00 in various precious metal coins and numismatics. TBE is without sufficient information to form a belief as to this paragraph's "custody" allegation and therefore denies the same.

27.     Answering paragraph 27, TBE is without sufficient information to form a belief and therefore denies the same.

28.     Answering paragraph 28, TBE is without sufficient information to form a belief and therefore denies the same.

29.     Answering paragraph 29, TBE is without sufficient information to form a belief and therefore denies the same.

30.     Answering paragraph 30, TBE admits that its President called and wrote to Plaintiff to advise that Pollard was no longer employed or affiliated with TBE.

4

31.   On information and belief, TBE admits paragraph 31.

32.   Answering paragraph 32, TBE is without sufficient information to form a belief and therefore denies the same.

## COUNT ONE

### (Common Law Fraud as to all Defendants)

33.   Answering paragraph 33, Defendant TBE re-asserts the admissions, denials, and allegations stated above and incorporates the same here as though set forth at length.

34.   TBE denies the allegations of paragraph 34.

35.   TBE denies the allegations of paragraph 35.

36.   TBE denies the allegations of paragraph 36.

37.   TBE denies the allegations of paragraph 37.

38.   TBE denies the allegations of paragraph 38.

39.   TBE denies the allegations of paragraph 39.

40.   TBE denies the allegations of paragraph 40.

41.   TBE denies the allegations of paragraph 41.

## COUNT TWO

### (Negligent Misrepresentation as to all Defendants)

42.   Answering paragraph 42, Defendant TBE re-asserts the admissions, denials, and allegations stated above and incorporates the same here as though set forth at length.

43.   TBE denies the allegations of paragraph 43.

44.   TBE denies the allegations of paragraph 44.

45.   TBE denies the allegations of paragraph 45.

46.   TBE denies the allegations of paragraph 46.

47.   TBE denies the allegations of paragraph 47.

5

48.     TBE denies the allegations of paragraph 48.

49.     TBE denies the allegations of paragraph 49.

### COUNT THREE

**(Consumer Fraud as to all Defendants)**

50.     Answering paragraph 50, Defendant TBE re-asserts the admissions, denials, and allegations stated above and incorporates the same here as though set forth at length.

51.     TBE denies the allegations of paragraph 51.

52.     TBE denies the allegations of paragraph 52.

53.     TBE denies the allegations of paragraph 53.

54.     TBE denies the allegations of paragraph 54.

55.     TBE denies the allegations of paragraph 55.

56.     TBE denies the allegations of paragraph 56, and upon prevailing in this action TBE will be entitled to an award of its attorney fees against Plaintiff.

### COUNT FOUR

**(Securities Fraud Pursuant to the Arizona Securities Act as to all Defendants)**

57.     Answering paragraph 57, Defendant TBE re-asserts the admissions, denials, and allegations stated above and incorporates the same here as though set forth at length.

58.     TBE denies the allegations of paragraph 58.

59.     TBE denies the allegations of paragraph 59.

60.     TBE denies the allegations of paragraph 60.

61.     TBE denies the allegations of paragraph 61.

62.     TBE denies the allegations of paragraph 62.

63.     TBE denies the allegations of paragraph 63, and upon prevailing in this action TBE will be entitled to an award of its attorney fees against Plaintiff.

6

**COUNT FIVE**

**(Breach of Fiduciary Duty as to all Defendants)**

64.     Answering paragraph 64, Defendant TBE re-asserts the admissions, denials, and allegations stated above and incorporates the same here as though set forth at length.

65.     TBE denies the allegations of paragraph 65.

66.     TBE denies the allegations of paragraph 66.

67.     TBE denies the allegations of paragraph 67.

68.     TBE denies the allegations of paragraph 68.

**COUNT SIX**

**(Conversion as to all Defendants)**

69.     Answering paragraph 69, Defendant TBE re-asserts the admissions, denials, and allegations stated above and incorporates the same here as though set forth at length.

70.     TBE denies the allegations of paragraph 70.

71.     TBE denies the allegations of paragraph 71.

72.     TBE denies the allegations of paragraph 72.

**COUNT SEVEN**

**(Civil Racketeering pursuant to A.R.S. § 13-2314.04 as to Defendant Pollard)**

73.     Answering paragraph 73, Defendant TBE re-asserts the admissions, denials, and allegations stated above and incorporates the same here as though set forth at length.

74.     Count Seven, and its averment paragraphs numbered 74-78, are directed solely to Defendant Pollard. To the extent any of those averments implicate any liability as against TBE, TBE denies same.

7

JABURG|WILK
Attorneys at Law

**COUNT EIGHT**

**(Negligent Hiring/Supervision as to Texas Bullion Exchange)**

75.     Answering paragraph 79, Defendant TBE re-asserts the admissions, denials, and allegations stated above and incorporates the same here as though set forth at length.

76.     Answering paragraph 80, TBE admits it hired Pollard to be a sales representative. TBE denies any remaining allegations and mischaracterizations of Pollard's role with TBE as asserted in paragraph 80.

77.     TBE denies the allegations of paragraph 81.

78.     TBE denies the allegations of paragraph 82.

79.     TBE denies the allegations of paragraph 83.

80.     Paragraph 84 of the Verified Complaint is a statement or conclusion of law to which no response is necessary. To the extent a response is necessary, TBE admits only that Plaintiff has asserted a demand for jury trial on triable matters.

**AFFIRMATIVE DEFENSES**

81.     The Verified Complaint fails to state a claim upon which relief may be granted.

82.     The Verified Complaint fails to plead with particularity the circumstances constituting the allegations of fraud and mistake against TBE, in violation of Rule 9(b), Fed.R.Civ.P., and otherwise.

83.     As a separate and alternative affirmative defense, TBE states that the acts and damages alleged by Plaintiff relating to his decision to invest in coins, which are specifically denied, are the result of Plaintiff's assumption of the risk and informed consent.

84.     As a separate and alternative affirmative defense, TBE states that Plaintiff was a fault in separately dealing with and sending coins to Pollard outside of TBE's

8

knowledge and control. If TBE was at fault in any way, which it specifically denies, then Plaintiff was also at fault, and Plaintiff's fault amounts to comparative or contributory negligence that offsets, in whole or in part, any recovery by Plaintiff against TBE.

85.    As a separate and alternative affirmative defense, TBE alleges accord and satisfaction, to the extent that Plaintiff continued to purchase from and sell to Defendant after any alleged fraud or improper conduct.

86.    TBE states that if it was at fault in any way, which it specifically denies, then Plaintiff was also at fault, and Plaintiff's fault amounts to comparative or contributory negligence that offsets, in whole or in part, any recovery by Plaintiff against TBE.

87.    As a separate and alternative affirmative defense, TBE states that Plaintiff has suffered no damage, injury, or other harm as a result of the alleged acts of TBE.

88.    As a separate and alternative affirmative defense, TBE states that Plaintiff's injuries, damages or losses, if any, were not the result of any conduct, act or omission on the part of TBE.

89.    As a separate and alternative affirmative defense, Defendant states that Plaintiff's claims for negligence, fraud, and misrepresentation are precluded by the economic loss rule and Plaintiff is limited solely to contractual remedies for their alleged purely economic damages.

90.    As a separate and alternative affirmative defense, Plaintiff's claims are barred in whole or in part by waiver, estoppel, and/or unclean hands, because of plaintiff's conduct in failing to preserve his own property, his dealings with Pollard outside of TBE's knowledge and control, and because Plaintiff was aware of and acted in accordance with the investment risks inherent in their transactions with Defendant.

JABURG|WILK
Attorneys at Law

9

91.     As a separate and alternative affirmative defense, Plaintiff has suffered no damage, injury, or other harm as a result of the alleged acts of TBE.

92.     As a separate and alternative affirmative defense, TBE states that Defendant Pollard acted outside the permitted scope of his employment with TBE and TBE is not liable for such conduct or the consequences of that conduct.

93.     As a separate and alternative affirmative defense, no predicate act is alleged for racketeering and no such act is provable.

94.     As a separate and alternative affirmative defense, Plaintiff has failed to mitigate his damages because, on information and belief, some or all of Plaintiff's claimed property is in the possession of the Federal Bureau of Investigations or other law enforcement authorities and recoverable by Plaintiff.

95.     As a separate and alternative affirmative defense, TBE sold a product that is not a security and, thus, securities laws do not apply to this transaction as a matter of law.

96.     As a separate and alternative affirmative defense, no fiduciary duty exists between a seller of goods such as TBE and a buyer purchasing at arm's length such as Plaintiff did here.

WHEREFORE, Defendant Texas Bullion Exchange, Inc., having answered the claims in the Verified Complaint, prays for the following relief:

A.     That the Complaint be dismissed as against TBE, with prejudice, with costs taxed to Plaintiff;

B.     That Plaintiff pay for all costs and reasonable attorneys' fees incurred by Defendant TBE to defend this action, including pursuant to A.R.S. §§ 12-341.01 and 12-341; and,

C.     That the Court award Defendant such other further and general relief as is proper and just.

10

1    DATED this 28th day of March, 2017.

2                                      **Jaburg & Wilk, P.C.**

3

                                       /s/ Kraig J. Marton
4                                      /s/ Mark D. Bogard
                                       Kraig J. Marton
5                                      Mark D. Bogard
                                       3200 N. Central Avenue, 20th Floor
6                                      Phoenix, AZ 85012
                                       Attorneys for Defendant Texas Bullion
7                                      Exchange, Inc.

8

9    **ORIGINAL E-FILED** and **COPY**
     of the foregoing mailed and emailed
10   this 28th day of March, 2017 to:

11   David W. Williams, Esq.
     DAVIS MILES MCGUIRE GARDNER
12   40 E. Rio Salado Parkway, Suite 425
     Tempe, AZ 85281
13   Attorneys for Plaintiff

14

15    s/ Stephanie Dolfini

16

17

18

19

20

21

22

23

24

25

26

**<u>EXHIBIT B</u>**

Skip To MainContent

Search

⚠ **WARNING:** Bogus Phone Calls, Emails May Lead to Fraud.   **Read More...**

Civil Court Case Information - Case History

## Case Information

| | | | |
|---|---|---|---|
| Case Number: | CV2017-000127 | Judge: | Rogers, Joshua |
| File Date: | 1/30/2017 | Location: | Downtown |
| Case Type: | Civil | | |

## Party Information

| Party Name | Relationship | Sex | Attorney |
|---|---|---|---|
| Phillip E Koerper | Plaintiff | Male | David Williams |
| Westley Pollard | Defendant | Male | Pro Per |
| Texas Boullion Exchange Inc | Defendant | | Pro Per |

## Case Documents

| Filing Date | Description | Docket Date | Filing Party |
|---|---|---|---|
| 3/27/2017 | 023 - ME: Order Entered By Court | 3/27/2017 | |
| 3/21/2017 | MOT - Motion | 3/22/2017 | |
| **NOTE:** Motion for Alternative Service of Process BY CERTIFIED MAIL AND POSTING | | | |
| 1/30/2017 | COM - Complaint | 1/31/2017 | |
| 1/30/2017 | CSH - Coversheet | 1/31/2017 | |

## Case Calendar

**There are no calendar events on file**

## Judgments

**There are no judgments on file**